**DE LOTTO & FAJARDO LLP**
Lauren De Lotto, Esq.
4 Reeder Road
Rhinebeck, NY 12572
ldelotto@dfcounsel.com
(c): (917) 887-2439

*Landlord Tenant Counsel for the Debtors, Debtor-Plaintiff*

and

**RAVERT PLLC**
Gary O. Ravert
16 Madison Square West, FL 12, #369
New York, New York 10010
Tel: (646) 961-4770
Fax: (917) 677-5419

*Special Litigation Counsel for Debtors, Debtor-Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>26 BOWERY LLC and<br>2 BOWERY HOLDING LLC,<br><br>*Debtor In Possession.* | Chapter 11<br>Case No. 22-10412 (MG) and<br>22-10413 (MG)<br>(Jointly Administered) |
| 2 BOWERY HOLDING LLC,<br><br>Plaintiff,<br>v.<br><br>WILLIAM NG, "JOHN DOE,"[1] and "JANE DOE,"[1]<br><br>Defendants. | Adv. Pro. No. 23-_____ - mg |

**COMPLAINT FOR EJECTMENT**

---

[1] True names and genders of these defendants, if any, are unknown to Plaintiff, the person(s) intended possibly occupying the subject apartments without the knowledge or consent of Plaintiff.

Plaintiff and Debtor 2 Bowery Holding LLC ("**Plaintiff**" or "**Plaintiff-Debtor**") alleges as and for its complaint against defendants WILLIAM NG,[2] "John Doe" and "Jane Doe" (collectively, "**Defendants**") as follows:

### PRELIMINARY STATEMENT AND NATURE OF THE ACTION

1. Debtor 2 Bowery Holding LLC is the fee owner of the building located at 2 Bowery, New York, NY 10013 [Block 162, Lot 61] ("**2 Bowery**", the "**Property**" or the "**Building**"). The Property is a valuable multi-family, mixed use residential and commercial, 5-story building in Chinatown in Manhattan.

2. Pursuant to the most recent certificate of occupancy for 2 Bowery issued by the NYC Department of Buildings as #71449 (the "**C/O**"), 2 Bowery is five-story building with basement and subbasement (called cellar and sub-cellar on the C/O) It is a mixed use, commercial and residential property, comprised of one (1) a commercial unit comprising the basement and 1st (ground) floors, and above the commercial unit are 4 floors with a total of 8 residential Class "A" Apartments: two (2) *residential* apartments each on floors 2 through 5.

3. In connection with two April 26, 2019 loan agreements, Plaintiff and 26 Bowery LLC, the fee owner of 26 Bowery, New York, NY 10013, and both LLCs being Debtors in these chapter 11 cases and having the same members, borrowed a total of $8,600,000 from two lenders ("**Lenders**"), which borrowings were memorialized, secured and cross collateralized by certain notes, mortgages, security agreements, membership pledge agreements and guaranties (collectively, "**2019 Financing Documents**").

4. In accordance with its rights under the 2019 Financing Documents, one of the Lenders amended the Debtor's Operating Agreement and appointed an independent manager

---

[2] The named tenant under the Lease, as defined herein, is William Ng. Defendant William Ng also identifies himself as William Ng L.Ac., William Ng OMD or Dr. William Ng, none of whom are parties to the Lease.

-2-

("**Independent Manager**") to manage both of the Plaintiff-Debtor and 26 Bowery LLC (collectively, "**Debtors**") and RK Consultants LLC, by its member Brian Ryniker, was appointed the Independent Manager.

5. On March 31, 2022, the Independent Manager caused each of the Debtors to commence these chapter 11 cases by filing voluntary petitions under title 11 of the United States Code.

6. Defendant William Ng. is a New York State licensed acupuncturist, testified he is a "healthcare acupuncturist", and practitioner of Chinese medicine who maintains his offices in, and runs his acupuncture and Chinese medicine practices from, both *residential apartments* on the second floor of the Building, known as apartments 1 and 2 (the "**Second Floor**" or "**Apartments 1 and 2**") under a now terminated residential lease.[3]

7. The Plaintiff-Debtor has the superior right of possession of the Second Floor, Apartments 1 and 2.

8. Mr. Ryniker authorized the filing of this adversary complaint to establish such superior right and obtain a judgment of possession of the Second Floor, Apartments 1 and 2.

## PARTIES

9. Plaintiff Debtor **2 Bowery Holding LLC** is a New York limited liability company with its principal assets and place of business in Manhattan, New York.

10. Defendant William Ng is a natural person, an insider as that term is defined under NYUVTA §270, is the brother of Wilson Ng and Steven Ng (the two members of each of the

---

[3] Plaintiff-Debtor disputes that such Lease was ever a valid lease. The Debtor's challenge to the validity of such lease is not the subject of this ejectment complaint, the purpose of which is solely to establish Plaintiff-Debtor's superior right to possession of the Second Floor also known as Apartments 1 and 2 of 2 Bowery, obtain a judgment of ejectment, remove Defendant or Defendants from the Second Floor also known as 2 Bowery Apartments 1 and 2, and place Plaintiff-Debtor in possession thereof.

-3-

Debtors) and William Ng admitted under oath that he resides at 2 Bowery, Apt. 8, New York, NY 10013.

11. Upon information and belief, defendants "John Doe" and "Jane Doe" are other persons that may be occupying the Second Floor, if any, without the knowledge or consent of Plaintiff, and whose true names and genders are unknown to Plaintiff.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334.

13. Venue is proper pursuant to 28 U.S.C. §1408 and 1409.

14. The statutory predicates for relief at sections 105, 541, and 542 of title 11 of the United States Code ("**Bankruptcy Code**"), Bankruptcy Rules 6009 and 7001 et seq., New York Real Property Actions and Proceedings Law ("**RPAPL**"), Article 6, "Action to Recover Real Property", and New York common law.

15. This is properly commenced as an adversary proceeding under Rule 7001(1) of the Bankruptcy Rules.

16. This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (E) and (H).

## FACTUAL BACKGROUND

17. Since February 1, 2021, William Ng has been the named tenant of record of the Second Floor at 2 Bowery, consisting of both Apartments 1 and 2, which comprise approximately 1,641 sq. ft of the Property, pursuant to a written Lease Agreement, dated February 1, 2021, by and between 2 Bowery Holding LLC, as landlord, and William Ng, as tenant (the "**Lease**").

18.     The Lease is for a 3-year term commencing on February 1, 2021, and expiring on January 31, 2024.  A true and correct copy of the Lease is attached hereto as Exhibit "A."

19.     William Ng breached, and continues to breach, the terms of the Lease in that: (a) he is using the Second Floor for his Acupuncture and Chinese Medicine businesses, and not using the Second Floor as his primary residence; and (b) he failed to arrange for services/utilities for the Second Floor in his own name and has failed to pay for such services/utilities being used therein.

20.     The very first paragraph of the Lease specifies that "The Apartment must be used *only as a private apartment to live in as a primary residence of the Tenant and for no other reason*."  Lease ¶ 1 (emphasis added).

21.     The Lease further specifies that "Tenant must pay for all electric, gas, telephone and other utility services used in the Apartment and provide for them with the public utility company." Lease ¶ 6.

22.     William Ng admitted under oath that he knew the Lease was solely for use as a primary residence.  Indeed, William Ng admitted under oath that he resides in 2 Bowery Apartment 8 with his wife and children.

23.     William Ng admitted under oath that he never registered the utilities for the Second Floor in his name and did not pay the associated charges.

24.     William Ng's use of the Second Floor as his healthcare acupuncture and Chinese medicine offices and not as his primary residence is a default under the Lease, and is impermissible under C/O and the law.  On July 31, 2023, the Independent Manager, through counsel, personally served William Ng in open court with a Ten (10) Day Notice to Cure Tenant's Defaults dated July 31, 2023 (the "**Cure Notice**") under the Lease, and on August 1,

2023, additional service by mail was made on William Ng. The Cure Notice required William Ng to cure this default by August 11, 2023 (the "**Cure Deadline**") by:

(a) Tenant's Cure: Tenant must cure these defaults by: (a) permanently ceasing to operate Tenant's Acupuncture and Chines Medicine businesses, and any other business, from the Premises, (b) removing from the Building and the Premises all of Tenant's business signage and (c) proving written notification and proof of Tenant's cure to RK CONSULTANTS LLC, the Independent Manager for 2 Bowery Holding LLC, a Debtor in Bankruptcy ("RKC") as provided below.

25. William Ng further breached the Lease in that he has not arranged for service and utilities accounts for the Second Floor in his own name, and pay for same, as required by paragraph 6 of the Lease.

26. The Cure Notice required William Ng to cure this default by August 11, 2023 (the "**Cure Deadline**") by:

(a) permanently ceasing to use the services and utilities in the Premises that are not in Tenant's name, (b) opening accounts in Tenant's name with the providers of the applicable services/utilities that Tenant wants in the Premises, and paying the bills on those accounts, and (c) providing written notification and proof of Tenant's cure to RKC as provided below.

A true and correct copy of the Cure Notice with certificate of service is attached hereto as Exhibit "B."

27. As of August 11, 2023, William Ng failed to cure by taking any of the required steps to cure set forth in the Cure Notice. William Ng's business signage on and in 2 Bowery remained after August 11, 2024, and show that William Ng continued to hold out the Second Floor as his healthcare acupuncture and Chinese medicine offices. Further, William Ng failed to provide written notification and proof to RKC of his cure of either his business use of the Second Floor or his failure to place utility/services in his own name.

28. William Ng did not cure by the Cure Deadline and has not since then cured or contacted Plaintiff-Debtor through Mr. Ryniker, or its counsel, to provide notification of his cure of the defaults under the Lease.

29. As a result of the uncured default, Plaintiff-Debtor cancelled and ended the Lease effective August 26, 2023 by serving a Ten (10) Day Notice of Cancellation of Lease dated August 16, 2023 (the "**Termination Notice**") and serving William Ng with same by regular first-class mail and certified mail addressed to William Ng at 2 Bowery, Second Floor, New York, NY 10013 and to William Ng at his residence at the same address to Apartment 8. A true and correct copy of the Termination Notice (which attaches and incorporates the Cure Notice) and the certificate of service is attached hereto as Exhibit "C."

30. The Termination Notice requires that William Ng vacate and surrender possession of the Second Floor to the Plaintiff-Debtor on or before August 26, 2023 and, that if William Ng failed to do so, Plaintiff-Debtor would take legal action to, among other things, recover possession of the Second Floor.

31. As of August 28, 2023, William continued to operate his healthcare acupuncture and Chinese medicine offices out of the Second Floor, continued to have the front and entrance hallway door bells showing the business name "William Ng L.Ac.", and signage for William Ng OMD[4] and continued to have the front door of Apartment 1 showing his professional name "Dr William Ng" and, further, he did not contact Brian Ryniker, Plaintiff-Debtor to surrender the Second Floor and deliver the keys to Apartments 1 and 2 to Mr. Ryniker.

---

[4] Oriental Medicine Doctor.

32. As a result of the Lease being cancelled and ended, and William Ng having failed to vacate and surrender, Plaintiff-Debtor now has the superior right to possession of the Second Floor, Apartments 1 and 2, at 2 Bowery.

33. Accordingly, Mr. Ryniker authorized the filing of this adversary complaint and Plaintiff-Debtor hereby brings this adversary complaint to establish its superior right and to obtain a judgment of possession of the Second Floor, Apartments 1 and 2.

## COUNT I

### (Ejectment)

34. The Lease was duly cancelled and ended as of August 26, 2023.

35. Upon the cancellation of the Lease on August 26, 2023, William Ng had no further rights of possession of the Second Floor, Apartments 1 and 2.

36. Upon the cancellation of the Lease on August 26, 2023, Plaintiff-Debtor was entitled to immediate possession of the Second Floor, Apartments 1 and 2 of 2 Bowery.

37. Upon the cancellation of the Lease on August 26, 2023, William Ng was required to quit, vacate and surrender possession of the Second Floor, Apartments 1 and 2 of 2 Bowery to 2 Bowery Holdings LLC.

38. William Ng failed to vacate and surrender possession of the Second Floor also known as Apartments 1 and 2 of 2 Bowery to 2 Bowery Holdings LLC, and he willfully continues in possession of the Second Floor without the consent and permission of Plaintiff-Debtor.

39. William Ng is wrongfully withholding possession of the Second Floor, Apartments 1 and 2 of 2 Bowery from Plaintiff-Debtor after the cancellation of the Lease on August 26, 2023.

40. William Ng's wrongful acts have deprived Plaintiff-Debtor of the possession and use of the Second Floor, Apartments 1 and 2 of 2 Bowery since August 26, 2023.

41. By reason of William Ng's failure to vacate and surrender possession of the Second Floor, Apartments 1 and 2 of 2 Bowery to Debtor 2 Bowery Holdings LLC, Plaintiff-Debtor is entitled to a final judgment of ejectment, with a warrant of eviction, granting immediate possession of the Second Floor also known as Apartments 1 and 2 of 2 Bowery to Plaintiff-Debtor and directing the immediate removal of defendant William Ng however he is known including William Ng L.Ac., William Ng OMD, or Dr. William Ng, and "John Doe", and "Jane Doe", and any other occupants from the Second Floor also known as Apartments 1 and 2 of 2 Bowery.[5]

## RESERVATION OF RIGHTS

42. Debtor-Plaintiff specifically reserves its rights to amend this Complaint for any purposed including but not limited to (i) modifying and revising Defendants' names; (ii) adding defendants to this adversary proceeding; and (iii) bringing any other causes of action under the Bankruptcy Code, or applicable state or federal law arising out of the transactions referenced herein or out of transactions of which Debtor may become aware during this litigation. If the

---

[5] William Ng has had use and possession of the Second Floor also known as Apartments 1 and 2 of 2 Bowery since February 1, 2021, without paying any rent or use and occupancy to Plaintiff-Debtor. Pursuant to RPAPL 601, Plaintiff-Debtor is entitled to damages for William Ng's withholding possession of the Second Floor also known as Apartments 1 and 2 of 2 Bowery from Debtor, including the value of the use and occupation of same. Further, upon information and belief, the Second Floor also known as Apartments 1 and 2 of 2 Bowery has not paid any rent to Plaintiff-Debtor during the Lease term. Plaintiff has commenced a separate adversary proceeding against William Ng and other building occupants seeking monetary damages on various causes of action relating to their respective leases and occupancy of the Properties.

Debtor should make any of the described amendments, such amendments shall relate back to this Complaint.

## PRAYER FOR RELIEF

**Wherefore**, the Debtor-Plaintiff 2 Bowery Holding LLC respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants as follows:

(a) on the First Count granting a final judgment of ejectment, with warrant of eviction, granting immediate possession of the Second Floor also known as Apartments 1 and 2 of 2 Bowery to Debtor, and directing the immediate removal of Defendants William Ng however known including William Ng L.Ac., William Ng OMD, or Dr. William Ng, "John Doe", "Jane Doe", and any other occupants from the Second Floor also known as Apartments 1 and 2 of 2 Bowery; and

(b) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 29, 2023

**DE LOTTO & FAJARDO LLP**

/s/ Lauren De Lotto
Lauren De Lotto, Esq.
4 Reeder Road
Rhinebeck, NY 12572
ldelotto@dfcounsel.com
(c): (917) 887-2439

*Landlord Tenant Counsel for the Debtors*

and

**RAVERT PLLC**

/s/ Gary O. Ravert
Gary O. Ravert
16 Madison Square West, FL12, #369
New York, New York 10010
Tel: (646) 961-4770
Fax: (917) 677-5419
gravert@ravertpllc.com

*Special Litigation Counsel for the Debtors*

-10-