**LAW OFFICES OF ROBERT S. LEWIS, P.C.**
Robert S. Lewis, Esq.
*Attorney for Defendant William Ng*
Office and P.O. Address
53 Burd Street
Nyack, New York 10960
(845)358-7100
Email: Robert.lewlaw1@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

| | |
|---|---|
| 26 BOWERY, LLC and | Chapter 11 |
| 2 BOWERY HOLDING, LLC, | Case No. 22-10412(MG) and |
| | 22-10413(MG) |
| Debtors In Possession, | (Jointly Administered) |

--------------------------------------------------------X          **ANSWER**
2 BOWERY HOLDINGS, LLC,

Plaintiff,

          -v-                                                   Adv. Proc. No. 23-01163

WILLIAM NG, "JOHN DOE" and "JANE DOE,

Defendants.

--------------------------------------------------------X

          **WILLIAM NG**, appearing by and through his attorney **ROBERT S. LEWIS, ESQ**., as

and for his Answer to the Complaint for Ejectment, states and alleges as follows:

          1.          Defendant denies each and every allegation set forth in those paragraphs of the

Adversary Complaint designated "7", "19", "24", "25", "27", "28", "31", "32", 34", "35", "36",

"37", "38", "39", "40" and "41".

2.      Defendant denies having any knowledge or information sufficient to form a belief as to the truth of those allegations set forth in those paragraphs of the Adversary Complaint designated "8" and "11".

3.      Defendant denies having any knowledge or information sufficient to form a belief as to the truth of those allegations set forth in those paragraphs of the Adversary Complaint designated "3", "4", "18", "20", "21", "24", "26","29", "30", and "33" and respectfully refers the Court to the documents referred to therein.

4.      Defendant denies the allegations set forth in ¶ "6" of the Adversary Complaint, but admits that he is a licensed acupuncturist and that he is a practitioner of Chinese medicine.

5.      With respect to ¶ "10" of the Adversary Complaint,  Defendant admits that he is a natural person, and respectfully refers the Court to the transcript of any proceedings in which the Plaintiff alleges an admission as to the material allegations of the Adversary Complaint.

6.      With respect to ¶¶ "22" and "23", of the Adversary Complaint, the Defendant respectfully refers the Court to the transcript of any proceedings in which the Plaintiff alleges an admission as to the material allegations of the Adversary Complaint.

7.      With respect to ¶ "31" of the Complaint, the Defendant denies that he was under any obligation to "surrender" the premises, or that any of the breaches alleged therein give rise to any such obligation, nor serve as the basis for an ejectment proceeding.


**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8.      Defendant repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "7" above as if fully set forth below at length.

9.      The Adversary Complaint fails to state a cause of action upon which a claim for relief may be based.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10.      Defendant repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "9" above as if fully set forth below at length.

11.      The Lease under which the Defendant is in possession of the premises was entered into on or about February 1, 2021.

12.      The Plaintiff, and its successor in interest,  have been fully aware of the Defendants occupancy of the premises since the inception of the Lease, and have at all times consented to and ratified same without objection thereto.

13.      To the extent that any use of the premises may be in violation of said Lease, the cause of action asserted in the Adversary Complaint and relief sought in connection therewith are barred by the doctrines of laches, waiver, and equitable estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14.      Defendant repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "13" above as if fully set forth below at length.

15.      The Adversary Complaint must be dismissed for want of *in personam* jurisdiction over the person of the Defendant.

**WHEREFORE,** Defendant prays for judgment in its favor and against the Plaintiff

dismissing the Adversary Complaint in its entirety together with such other and further relief as

may be just and proper.

Dated:  October 4, 2023
      Nyack, New York


/s/ Robert S. Lewis
ROBERT S. LEWIS, ESQ.
*Attorney for Defendant*
53 Burd St.
Nyack, New York 10960
(845)358-7100


TO:    DELOTTO & FAJARDO, LLP
      *Attorneys for Debtors, Debtor-Plaintiff*
      4 Reeder Rd.
      Rhinebeck, New York 12572

      GARY RAVERT, ESQ.
      *Special Litigation Counsel to Debtors, Debtor-Plaintiff*
      16 Madison Sq. West Fl. 12 # 369
      New York, New York 10010